Terry A. Iles,        #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 305
Topeka, Kansas 66603
785/232-2777

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES DAVENPORT,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Case No. 12-cv-2410 JAR/JPO<br>) |
| **KANSAS REHABILITATION HOSPITAL, INC.,** | )<br>)<br>) |
| **Defendant.** | )<br>) |

### COMPLAINT

The Plaintiff, James Davenport, by and through counsel Terry A. Iles of the Law Office of Terry A. Iles, and for his cause of action against the Defendant, hereby alleges and states as follows:

### JURISDICTION AND VENUE

1.  This is an employment case based upon and arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2, *et seq.* ("Title VII"), and the Kansas Act Against Discrimination, K.S.A. 44-1001, *et seq.* ("KAAD").

2.  The Court has personal and subject matter jurisdiction of this action pursuant to the provisions of 28 U.S.C.A. §§ 1331 and 1334, since certain claims arise under federal statutory law.

3. Venue in the United States District Court for the District of Kansas, is founded upon 28 U.S.C.A. § 1391, because all unlawful employment practices complained of in this Complaint occurred in the State of Kansas.

## THE PARTIES

4. The Plaintiff, James Davenport, is a resident of Topeka, Shawnee County, Kansas.

5. The Defendant, Kansas Rehabilitation Hospital, Inc., is a corporation organized under the laws of the State of Kansas. The said Defendant may be served with process through its registered agent, The Corporation Company, Inc., that is located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

## PROCEDURAL REQUIREMENTS

6. Within 180 days after the alleged unlawful employment practice alleged herein, Plaintiff Davenport filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and also the Kansas Human Right Commission ("KHRC") that satisfies the requirements of the ADA and the Kansas Act Against Discrimination ("KAAD").

7. The charge of discrimination was timely filed and included the discrimination complained of in this Complaint.

8. On May 3, 2012, the EEOC issued its Notice of Right to Sue and Plaintiff Davenport has filed his Complaint within ninety (90) days of the receipt of such notification.

## ALLEGATIONS COMMON TO ALL COUNTS

9. In 1999, Plaintiff Davenport began working for HealthSouth, which is a healthcare provider specializing in providing various rehabilitative related services for the medical needs of individuals.

10. In March 2010, Plaintiff Davenport transferred to Topeka, Kansas, and began working for the Defendant as the Director of Plant Operations.

11. The Defendant is a freestanding rehabilitation hospital providing all levels of post-acute rehabilitative related services for the medical needs of individuals.

12. The Defendant is a joint venture of HealthSouth and Stormont-Vail Health*Care* of Topeka.

13. Beginning in the Fall of 2010, Plaintiff Davenport was being harassed in his work environment by the Defendant, when his immediate supervisor routinely became extremely confrontational, consistently yelled at the Plaintiff and in his face when addressed. As a result, Plaintiff Davenport complained to corporate compliance as to the inappropriate and harassing misconduct.

14. In January 2011, Plaintiff Davenport separated his shoulder while performing duties within the scope of his employment with the Defendant and that such injury subsequently necessitated surgery.

15. From January 2011 through April 2011, Plaintiff Davenport was under strict orders from his doctor and he was not to perform any physical activity in his position as Director of Plant Operations.

16. The Defendant was aware of the restrictions and agreed to accommodate.

17. In February 2011, Plaintiff Davenport was given a Written Corrective Action Plan, whereby he was informed of several deficiencies in relation to the performance of his duties and responsibilities. However, the deficiencies outlined in the Written Corrective Action Plan related to matters outside of the agreed upon accommodation and violated the restrictions established by the Plaintiff's treating physician.

3

18. In April 2011, Plaintiff Davenport was released by his doctor to perform certain physical activity; however, he was still under restrictions on the extent of physical activity that he could perform.

19. Again, the Defendant was aware of the restrictions and agreed to accommodate.

20. In July 2011, Plaintiff Davenport was again given a Written Corrective Action Plan, which outlined several deficiencies associated with his position, and again, the deficiencies outlined in the Written Corrective Action Plan were matters outside the agreed upon accommodation and violated the restrictions established by the Plaintiff's treating physician.

21. In August 2011, Plaintiff Davenport again complained to corporate compliance of the Defendant as to the inappropriate misconduct and harassment that he was receiving by his immediate supervisor.

22. On September 2, 2011, Plaintiff Davenport was terminated as the Director of Plant Operations by the Defendant for not performing his duties and responsibilities, which necessitated violating the restrictions established by the treating physician and performing activities outside the agreed upon accommodation.

23. The Defendant's acts and practices described herein were intentional and were performed with malice and reckless indifference to the Plaintiff's protected rights under state and federal law.

24. Since the date of his termination, Plaintiff Davenport has suffered lost wages, lost employment opportunities, loss of medical insurance, loss fringe benefits, and he has and will continue to suffer severe emotional distress.

25. At all times relevant hereto, the Defendant is liable for the acts and practices of its employees, agents and representatives under the legal theory of *respondeat superior*.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT

26.     Plaintiff Davenport incorporates by reference all the allegations contained in paragraphs numbered 1 through 25 as if fully stated herein.

27.     The Defendant is a "covered entity," as that term is defined in the ADA.

28.     At all times relevant hereto, Plaintiff Davenport has a "disability," as that term is defined in § 3 of the ADA, and is "a qualified individual with a disability," as defined in the ADA.

29.     Plaintiff Davenport has a physical impairment which substantially limits the major life activities of walking, breathing, lifting, sleeping, concentrating, and climbing.  At all times relevant hereto, the Defendant was aware of the disability.

30.     Despite knowledge of the Plaintiff's disability and request for accommodations, the Defendant failed to allow such accommodations.

31.     As a result of the Plaintiff's disabilities and the Defendant's failure to accommodate, Plaintiff Davenport was subjected to retaliatory actions, including termination of his employment.

32.     The Defendant intentionally discriminated against Plaintiff Davenport based upon his disability, or for reasons arising from discrimination on account of his disability, or because of exercising rights protected by the ADA, when it terminated Plaintiff from his employment without just cause and based upon his disability.

33.     The Defendant's acts and employment practices alleged in this Complaint resulted in the wrongful termination of Plaintiff Davenport in violation of the ADA.

34.     As a direct and proximate result of the intentional discriminatory acts and practices of the Defendant, Plaintiff Davenport has suffered and continues to suffer substantial

economic losses and injury, including past and future loss of income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, costs associated with obtaining reemployment; embarrassment, damage to his reputation, and other past and future pecuniary losses.

35. As a direct and proximate result of the Defendant's violative misconduct under the ADA, Plaintiff Davenport has suffered and will continue to suffer damages that are in excess of $100,000.00.

**WHEREFORE**, Plaintiff Davenport prays for judgment against the Defendant as follows:

A. Declaring that the acts and practices complained of here are in violation of the Plaintiff's rights as secured by the ADA;

B. Requiring the Defendant to reinstate the Plaintiff to a position of equal duties and responsibilities, with equal pay and benefits, as the Plaintiff would have received but for the discriminatory misconduct, or in the alternative, for an award of damages in an amount in excess of $100,000.00;

C. Awarding the Plaintiff back pay, interest, and appropriate recovery for lost employment benefits, liquidated damages, and other affirmative relief as may be appropriate under the ADA, all of which is in an amount in excess of $100,000.00;

D. Permanently enjoining the Defendant, including its owners, officers, management personnel, employees, agents, successors, assigns, and those acting in concert from any conduct violating the Plaintiff's rights as secured by the ADA;

E. The Defendant pay all attorney fees;

F. The Defendant pay all costs and expenses for bringing and maintaining this action;

G. The Defendant pay prejudgment interest and post-judgment interest at the highest rate allowed by law;

H. For such other and appropriate relief as this Court deems just, equitable and proper.

## COUT II
## TITLE VII OF THE CIVIL RIGHTS ACT
## DISCRIMINATION BASED UPON DISABILITY
## AND
## HOSTILE WORK ENVIRONMENT

36. Plaintiff Davenport incorporates by reference all the allegations contained in paragraphs numbered 1 through 35 as if fully stated herein.

37. Beginning in 2010, and continuing until the date of Plaintiff's termination by the Defendant, the Defendant engaged in discriminatory practices against the Plaintiff regarding the terms and conditions of his employment on the basis of his disability, including but not limited to, engaging in a pattern and practice of harassment and humiliation of the Plaintiff and refusing to accommodate the Plaintiff, all because of Plaintiff's disability.

38. The Defendant discharged Plaintiff Davenport on the basis of his disability on September 2, 2011.

39. The effect of Defendant's policies and practices as described above has been to deprive Plaintiff of equal employment opportunities.

40. As a further result of defendant's above-stated actions, plaintiff has been and is now being deprived of income in the form of wages and of prospective retirement benefits, and other fringe benefits due him based upon his disability.

41. Plaintiff Davenport has suffered and will continue to suffer irreparable harm and injury from the Defendant's policies, practices, customs and usages as set forth herein.

42. As a proximate result of Defendant's discriminatory and wrongful acts and practices, Plaintiff Davenport has suffered emotional distress, humiliation, embarrassment, and mental anguish.

43. The Defendant at all times has been acting with malice towards Plaintiff and with conscious disregard of Plaintiff's rights.

44. As a direct and proximate result of the Defendant's violative misconduct, Plaintiff Davenport has suffered and will continue to suffer damages that are in excess of $100,000.00.

**WHEREFORE**, Plaintiff Davenport prays for judgment against the Defendant as follows:

A. The Defendants pay all damages, which are in excess of $100,000.00;

B. The Defendants, including their employees, agents and/or representatives, be enjoined from these and other violative acts and practices;

C. The Defendants pay all costs, fees and expenses for bringing and maintaining this action, including reasonable attorney fees;

D. The Defendants pay prejudgment interest and post-judgment interest at the highest rate allowed by law; and

E. For such other and appropriate relief as this Court deems just, equitable and proper.

## COUNT III
## THE KANSAS ACT AGAINST DISCRIMINATION

45. Plaintiff Davenport incorporates by reference all the allegations contained in paragraphs numbered 1 through 44 as if fully stated herein.

8

46. Plaintiff Davenport has a disability as that term is defined under K.S.A. 44-1002 of the Kansas Acts Against Discrimination, and is a member of a protected class based upon his disability.

47. Based upon the Plaintiff disability, the Defendant has unlawfully discriminated against the Plaintiff by discharging him, in violation of the Kansas Act Against Discrimination, K.S.A. 44-1001, *et seq*.

48. As a direct and proximate result of the Defendant's willful and malicious discrimination, in violation of the Kansas Act Against Discrimination, K.S.A. 44-1001, *et seq*., Plaintiff Davenport has lost wages and will continue to lose such wages, plus the value of other benefits of employment such as medical insurance coverage, dental insurance, and vacation.

49. As a direct and proximate result of the Defendant's violative misconduct under the Kansas Act Against Discrimination, Plaintiff Davenport has suffered and will continue to suffer damages that are in excess of $75,000.00.

**WHEREFORE**, Plaintiff Davenport prays for judgment against the Defendant as follows:

A. The above-mentioned acts and practices be declared in violation of the Kansas Act Against Discrimination;

B. The Defendants and their employees, agents and/or representatives be enjoined from these and other violative practices;

C. The Defendants pay all damages, which are in excess of $75,000.00;

D. The Defendants pay all attorney fees;

E. The Defendants pay all costs and expenses for bringing and maintaining this action;

F.    The Defendants pay prejudgment interest and post-judgment interest at the highest rate allowed by law; and

G.    For such other and appropriate relief as this Court deems just, equitable and proper.

## COUNT IV
## RETALITORY DISCHARGE/WRONGFUL TERMINATION

50.    Plaintiff Davenport incorporates by reference all the allegations contained in paragraphs numbered 1 through 49 as if fully stated herein.

51.    In January 2011, Plaintiff Davenport separated his shoulder while performing duties within the scope of his employment with the Defendant and that such injury subsequently necessitated surgery.

52.    Plaintiff Davenport filed a claim for workers compensation benefits or sustained an injury for which Plaintiff might assert a future claim for such benefits.

53.    The Defendant had knowledge of the Plaintiff's workers compensation claim and/or injury.

54.    The Defendant terminated Plaintiff Davenport based upon his claim and/or injury.

55.    That a causal connection exists between the protected activity or injury and the termination of the Plaintiff.

56.    As a direct and proximate result of the Defendant's retaliatory discharge/wrongful termination, Plaintiff Davenport has suffered and will continue to suffer damages that are in excess of $100,000.00.

**WHEREFORE**, Plaintiff Davenport prays for judgment against the Defendant as follows:

A.    The Defendants pay all damages, which are in excess of $100,000.00;

B.      The Defendants, including their employees, agents and/or representatives, be enjoined from these and other violative acts and practices;

C.      The Defendants pay all costs, fees and expenses for bringing and maintaining this action, including reasonable attorney fees;

D.      The Defendants pay prejudgment interest and post-judgment interest at the highest rate allowed by law; and

E.      For such other and appropriate relief as this Court deems just, equitable and proper.

Respectfully submitted,

 */s/ Terry A. Iles*
Terry A. Iles,                    #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 305
Topeka, Kansas 66603
TEL:  785/232-2777
FAX:  785/232-0606
Email:  terryiles@ileslawoffice.com

ATTORNEY FOR PLAINTIFF DAVENPORT

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff Davenport hereby demands a jury by trial on all issues so triable.

Respectfully submitted,


 */s/ Terry A. Iles*
Terry A. Iles,                    #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 305
Topeka, Kansas 66603
TEL:  785/232-2777
FAX:  785/232-0606
Email:  terryiles@ileslawoffice.com

ATTORNEY FOR PLAINTIFF DAVENPORT


## DESIGNATION OF PLACE OF TRIAL

Plaintiff Davenport hereby designates Kansas City, Kansas, as the location for the trial in this matter.

Respectfully submitted,


 */s/ Terry A. Iles*
Terry A. Iles,                    #17133
LAW OFFICE OF TERRY A. ILES
The Liberty Building
214 SW 6th Avenue, Suite 305
Topeka, Kansas 66603
TEL:  785/232-2777
FAX:  785/232-0606
Email:  terryiles@ileslawoffice.com

ATTORNEY FOR PLAINTIFF DAVENPORT