**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JAMES DAVENPORT,          )
                                      )
        Plaintiff,      )
                                      )    Case No. 2:12-cv-02410-JAR-JPO
        v.               )
                                      )
KANSAS REHABILITATION   )
HOSPITAL, INC.,            )
                                      )
        Defendant.    )
                                      )

## JOINT PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure that protection is afforded only to such deemed material, on the joint motion and agreement of Plaintiff James Davenport and Defendant Kansas Rehabilitation Hospital, Inc. ("KRH"), and for good cause shown, the Court grants the motion and enters the following Protective Order:

1.    **Purpose of the Order.**  The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties.  The Order is necessary to protect the parties and other persons from annoyance and embarrassment.  Discovery in this case may seek private information concerning the parties and non-parties, including but not limited to:  Plaintiff's confidential financial and income records; the personnel and/or human resources files of current and/or former employees of KRH; confidential financial information of KRH; and confidential and/or proprietary information related to the business and operation of KRH, including KRH's policies, practices or procedures.  Good cause exists for the issuance of a protective order, including the

fact that the majority of persons associated with this matter reside or work in a relatively small community; and if the confidential information were known generally, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, loss of business and/or job opportunities and could potentially impact upon certain persons' personal and/or work relationships. Good cause further exists regarding KRH's financial, proprietary, and business operations information, as that information is not generally known to the public, and may, therefore, place KRH at a competitive disadvantage.

2. **Confidential Information.** The above-named parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have agreed that (a) Plaintiff's medical, financial, educational, and/or tax records; (b) the personnel, payroll, and/or human resources files, records, and/or information of current and/or former employees of KRH; (c) financial information of KRH; and (d) confidential and/or proprietary information related to the business and operation of KRH, including policies, practices, or procedures may be designated as "Confidential."

3. **Designating Documents and Interrogatory Answers as Confidential.** Any party to this action may designate as "Confidential Information" documents and responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the documents or responses with the word "Confidential." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly

designated. Unless otherwise ordered by the Court or stipulated by the parties, only subjects enumerated in Paragraph 2 may be designated as Confidential Information.

Parties to this action may designate Confidential Information in deposition testimony by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order. There shall be no need to re-designate deposition exhibits which have previously been designated as confidential.

4. **Disclosure of Confidential Information.** Any documents, designated portions of deposition testimony, or responses to interrogatories, requests for admission, or requests for production of documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties;

(b) Their counsel, counsel's legal and clerical assistants, and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Witnesses whose depositions are being taken or who are being questioned at trial;

(e) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(f) Any independent document reproduction services or document or video recording and retrieval services; and

(g) Any expert witness or outside consultant retained or consulted by the parties.

**5.** **Agreement of Witnesses.** If the non-designating party discloses Confidential Information to a person specified in paragraph 4(d), counsel for the non-designating party shall inform the witness that the information is confidential, subject to a protective order, and should not be disclosed outside of this litigation.

**6.** **Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court. Parties may file such a motion only after making reasonable efforts to resolve the dispute in good faith without judicial intervention.

**7.** **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. The parties do not waive any right to object at trial to the admissibility of any document which falls under the scope of this Order.

8. **Inadvertent Disclosure of Privileged Information.** The parties agree that if privileged information is inadvertently disclosed during discovery, regardless of the form, the recipient of the privileged information will return the privileged information to the producing party and destroy all copies of the privileged information. If the claim of privilege is disputed, the non-producing party agrees to refrain from further examination or use of the potentially privileged information until the dispute is resolved.

9. **Confidential Information at Trial.** Subject to the Rules of Evidence and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence has indicated on his or its Court ordered Exhibit List any proposed exhibits that are designated as Confidential Information. Any party may move the Court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial. The designating party may, at its option, choose to remove the designation of "Confidential" or "Subject to Protective Order" prior to publication to the trier of fact. If the designating party so chooses, it will be responsible for reasonable costs associated with redacting such designation.

10. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

**IT IS SO ORDERED.**

_____s/ James P. O'Hara_____
James P. O'Hara, U.S. Magistrate Judge

3/27/2013
Date